2024 IL App (1st) 240747-U

No. 1-24-0747B

THIRD DIVISION
June 26, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24 MC1 101870 |
| | ) | |
| DE KWON HOLMES, | ) | Honorable |
| | ) | Ankur Srivastava, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE D. B. WALKER delivered the judgment of the court.
Presiding Justice Reyes and Justice Lampkin concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the trial court's order granting pretrial release with the condition of home confinement.

¶ 2    Defendant De Kwon Holmes appeals the trial court's order granting him pretrial release with the condition of home confinement. On appeal, defendant contends that (1) the State failed to show by clear and convincing evidence that conditions of pretrial release were necessary in this case, (2) the trial court failed to take into account factors set forth in 725 ILCS 5/110-5(a) (West

2022) in determining whether conditions of pretrial release were necessary to ensure defendant's appearance in court, and (3) less restrictive conditions of release were available that would have reasonably ensured his appearance in court. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      Defendant was charged with the offense of unlawful use of a weapon. A public safety assessment prepared by pretrial services found that defendant scored a 4 out of 6 on the "new criminal activity" scale, and a 4 out of 6 on the "failure to appear" scale. The report recommended release with pretrial supervision "Level 3." The State filed a petition to detain defendant pending trial pursuant to section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)).[1]

¶ 5      At the hearing on the petition, the trial court addressed defendant's outstanding warrant from Kane County for driving with a suspended license. The court noted that defendant was required to post $175 for release in that case, and if he could not post that amount, Kane County would have five days to retrieve him. If, after five days, defendant remains in Cook County, the trial court would give him a court date on that charge.

¶ 6      Regarding defendant's "new charges," the trial court noted that he was charged with the offense of unlawful use of a weapon. The State proffered the following as the basis of its petition on that charge: On March 20, 2024, around 6:20 p.m., police officers observed defendant in a vehicle on 90th Street in Chicago, arguing with a bystander. An officer observed defendant point a black L-shaped object out of the window at the bystander. As defendant started to drive away,

---

[1] Public Act 101-652 (eff. Jan. 1, 2023), which amended article 110 of the Code, is commonly known as the Pretrial Fairness Act or the SAFE-T Act. Neither name, however, is the official title of the legislation. See *Rowe v. Raoul*, 2023 IL 129248, ¶ 4.

officers checked with the bystander and then pursued defendant's vehicle. After defendant's vehicle was curbed, officers spoke with him. A front seat passenger was also in the vehicle.

¶ 7    Officers asked defendant if there were firearms in the vehicle, and he answered that one was under the front seat. Police recovered an uncased, loaded semi-automatic Glock, with one live round in the chamber and a laser attachment. Defendant did not have a F.O.I.D. card or a conceal and carry license. Defendant had "no background, other than the [Kane County] warrant." However, defendant did have "a failure to appear out of Kane County *** on 5-13-2022."

¶ 8    As mitigation, defense counsel stated that defendant was a 21-year-old high school graduate who has been living in Cook County for the last five months. He has a child, and they live with a roommate. For the past five or six months, defendant has been working part time as a supervisor at UPS. Noting the current charge, which lacked allegations of violence, and defendant's background with no new criminal activity, counsel asked for release with "the least restrictive conditions."

¶ 9    The trial court found it "troubling" that defendant possessed a loaded Glock firearm with a live round in the chamber, and then pointed it at a bystander. The court noted that defendant also had an outstanding warrant. The court took the outstanding warrant into account even though it was not for a violent offense. It also considered the "significant" mitigation evidence presented by defense counsel. The court found that release with pretrial supervision "Level 1" was appropriate. Defendant would report to a pretrial officer as directed, and would be placed on a curfew, with a device, between 6:00 p.m. and 6:00 a.m. However, defendant was authorized "to work or go to school, subject to verification by Pretrial Services." The court also ordered that defendant not possess a firearm or weapon. The court stated that, after balancing the factors, these conditions were the least restrictive it could impose.

¶ 10    Defendant now appeals.

¶ 11                              III. ANALYSIS

¶ 12    Section 110-6.1(e) of the Code provides that "[a]ll defendants shall be presumed eligible for pretrial release." 725 ILCS 5/110-6.1(e) (West 2022). In order to detain a defendant, the State must show, by clear and convincing evidence, that (1) the proof is evident or the presumption great that the defendant has committed a detainable offense, (2) the defendant poses a real and present threat to the safety of any person or the community based on the specific facts of the case, and (3) no conditions or combination of conditions exist that can mitigate this threat or defendant's willful flight. *Id.*

¶ 13    Here, the trial court denied the State's petition to detain defendant. However, it ordered defendant's release with the condition of home confinement with a device. The only issue on appeal is whether the trial court erred in imposing this condition of release.

¶ 14    Although disagreement exists among the appellate districts regarding the applicable standard of review, we believe an abuse of discretion standard is appropriate here. Section 110-5, which addresses the trial court's determination of conditions of release, gives the court broad discretion to consider various factors when making its determination. See *People v. Dunn*, 2024 IL App (1st) 240306-U, ¶ 32; see also *People v. Reed*, 2023 IL App (1st) 231834, ¶ 31 (finding that when courts are tasked with weighing and balancing multiple factors, they are "endowed with considerable discretion"). A trial court abuses its discretion if the court's decision is arbitrary, fanciful, or unreasonable, or if no reasonable person would agree with the court. *People v. Becker*, 239 Ill. 2d 215, 234 (2010).

¶ 15    Section 110-5 provides, in relevant part:

"(a) In determining which conditions of pretrial release, if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release, the court shall, on the basis of available information, take into account such matters as:

    (1) the nature and circumstances of the offense charged;

    (2) the weight of the evidence against the defendant, except that the court may consider the admissibility of any evidence sought to be excluded;

    (3) the history and characteristics of the defendant, including:

        (A) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past relating to drug or alcohol abuse, conduct, history, criminal history, and record concerning appearance at court proceedings; and

        (B) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal law, or the law of this or any other state;

* * *

(c) The court shall impose any conditions that are mandatory under subsection (a) of Section 110-10. The court may impose any conditions that are permissible under subsection (b) of Section 110-10. The conditions of release imposed shall be the least restrictive conditions or combination of conditions necessary to reasonably ensure the appearance of the defendant as required or the safety of any other person or persons or the community.

* * *

(g) Electronic monitoring, GPS monitoring, or home confinement can only be imposed as a condition of pretrial release if a no less restrictive condition of release or combination of less restrictive condition of release would reasonably ensure the appearance of the defendant for later hearings or protect an identifiable person or persons from imminent threat of serious physical harm." 725 ILCS 5/110-5 (a), (c), (g) (West 2022).

¶ 16   Defendant first argues that the State failed to meet its burden by clear and convincing evidence that any condition of pretrial release was required in this case. He contends the State never argued that home confinement was necessary, or why a less restrictive condition, such as pretrial monitoring or supervision, could not ensure his appearance in court or the public's safety.

¶ 17   According to the plain language of section 110-5, it is the trial court that determines which conditions to impose, if any, "on the basis of available information" and considering the listed factors. Accordingly, the mere fact that "the State did not request a specific condition of release does not mean that there is not clear and convincing evidence to support the trial court's determination to impose one." *Dunn*, 2024 IL App (1st) 240306-U, ¶ 26.

¶ 18   Defendant also contends that clear and convincing evidence did not support the trial court's decision where the court failed to consider a number of factors set forth in section 110-5(a), specifically that this was his first arrest, he is a high school graduate, he moved to Chicago with his young daughter, and he has been working as a supervisor at UPS. Defendant's contention, however, is belied by the record. At the hearing on the State's petition, defense counsel argued for the "least restrictive conditions" where defendant was a 21-year-old high school graduate living in Cook County with his child for the last five months and he has been working part time as a supervisor at UPS. Counsel also emphasized defendant's background with no new criminal activity. In deciding to impose conditions of release, the trial court stated that it considered "the

mitigation your attorney presented ***, which is significant." It is clear that the trial court considered defendant's mitigation evidence.

¶ 19     Defendant's final argument is that, given this mitigation evidence, the trial court erred in finding that home confinement was the least restrictive condition of release available for him. He argues that his minimal criminal history, lack of a violent background, and strong ties to the community show that he would abide by the court's orders. Furthermore, defendant is the sole provider for his young child and works from 10 p.m. to 3 a.m. as a supervisor at UPS. He argues that the court-imposed condition of home confinement between 6 p.m. and 6 a.m. would prevent him from working.

¶ 20     The record shows that the trial court balanced the mitigation evidence with evidence that defendant, who did not have a F.O.I.D. card or conceal and carry license, kept a loaded semi-automatic Glock firearm in his vehicle. The State's proffer also indicated that defendant was driving his vehicle around 6:20 p.m. when he had an argument with a bystander, and then pointed the loaded firearm at the bystander. The court found these facts 'troubling" and "concerning." See 725 ILCS 5/110-6.1(g)(7) (West 2022) (stating that whether a defendant possesses or has access to weapons is a factor to consider when ascertaining his or her dangerousness); see also *People v Ross*, 229 Ill. 2d 255, 275 (2008) (noting that a trier of fact may reasonably infer that a loaded firearm is a dangerous weapon). The court further considered the fact that defendant had an outstanding warrant. See 725 ILCS 5/110-5(a)(3) (West 2022) (authorizing the court to "take into account" defendant's history and record regarding court appearances when determining conditions of release). Additionally, in imposing the conditions of release, the court stated that defendant was "authorized to work or go to school, subject to verification by Pretrial Services." Therefore, the

court's order of home confinement with a device from 6 p.m. to 6 a.m. would not prevent defendant from working his 10 p.m. to 3 a.m. shift at UPS.

¶ 21    Home confinement may be imposed as a condition of release only if "no less restrictive condition of release or combination of less restrictive condition of release would reasonably ensure the appearance of the defendant for later hearings or protect an identifiable person or persons from imminent threat of serious physical harm." 725 ILCS 5/110-5(g) (West 2022). Defendant argues that a less restrictive condition of release requiring him to remain in consistent communication with the court would suffice to ensure that he abides by court orders. His history, however, does not support his argument. Defendant has shown a willingness to disregard his legal obligations as evidenced by his outstanding warrant and failure to appear in the Kane County case. Just as concerning is the fact that he possessed a loaded firearm with a laser attachment without a F.O.I.D. card or a license and pointed it at a bystander on the street. The trial court properly took these factors into account when it imposed the condition of home confinement for defendant's release.

¶ 22    We note that the trial court will reconsider defendant's conditions of release at subsequent proceedings. See 725 ILCS 5/110-5(f-5) (West 2022) (providing that "[a]t each subsequent appearance of the defendant before the court, the judge must find that the current conditions imposed are necessary"). As such, defendant will have the opportunity to raise the issue of less restrictive conditions in the future. We find, however, that based on the record as it stands, the trial court's decision to impose home confinement from 6 p.m. to 6 a.m. as the least restrictive condition of release was not an abuse of discretion.

¶ 23                                IV. CONCLUSION

¶ 24    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 25    Affirmed.